THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE ALSCO-HARVARD )
FRAUD LITIGATION     )                DOCKET NO. 54

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

   These actions arise from an alleged multi-million dollar fraud on the United States perpetrated by Andrew L. Stone and Francis N. Rosenbaum through their controlled corporations, Chromcraft Corp. and its successor, Alsco, Inc., prime contractors in the production of rocket launchers. From approximately 1963 to 1965, these corporations allegedly represented to the Government that they had purchased launcher components from Bregman Electronics, Inc. and Scientific Electronics, Inc., when in fact they had purchased the raw materials for the components themselves and had them assembled by a third party at a materially lower price than was represented. The Government money paid to Bregman and Scientific was allegedly transferred to Swiss bank accounts controlled by Stone and Rosenbaum.

-2-

The parties refer to this as the Bregman-Scientific phase of the fraud. Later, in what the parties refer to as the Republic phase, similar payments were allegedly made to and retained by Republic Electronic Industries, Inc. Stone, Rosenbaum and others[1]/ pled guilty to criminal charges resulting from their activities and are presently confined in federal penitentiaries.

Six civil actions growing out of the alleged fraud are now pending in four different districts. See attached Schedule A. The Government has filed essentially similar actions in two different districts, seeking recovery of its damages from Stone, Rosenbaum, Chromcraft and Alsco on theories of false claims, breach of warranties and Government mistake. Alsco and Harvard Industries, Inc., the survivor of a later merger with Alsco, each brought actions[2]/ alleging securities law violations in connection with the fraud against Stone, Rosenbaum and a number of other defendants. Albert G. Katz, an Alsco stockholder, filed a similar derivative suit in the Northern District of Ohio. Harvard also brought a separate action against Republic Electronics in the Southern District of New York for damages arising from Republic's participation in the fraud

---

1/   Evelyn Price, Stone's secretary and Robert B. Bregman, president of Bregman Electronics.

2/   These actions have been consolidated in the Eastern District of Missouri.

Following a hearing on the motion of Stone and Rosenbaum for coordinated or consolidated pretrial proceedings, the Panel has concluded that all related actions should be transferred to the District of Columbia for coordinated or consolidated pretrial proceedings. The parties admit that a number of fact questions concerning the alleged fraud are common to each of the involved actions.[3/] Those opposing the motion contend that for various reasons coordinated or consolidated pretrial proceedings would not serve the convenience of the parties or their witnesses or promote the just and efficient conduct of the litigation, but these contentions are unpersuasive.

The Government argues that information gathered for its earlier criminal action has made formal discovery unnecessary in its civil actions, that it will soon be ready for trial of those actions, and that coordinated or consolidated pretrial proceedings might delay it in reaching trial. Certain defendants in the Alsco and Harvard actions present the converse argument that their liability is dependent on the outcome of the Government actions and that allowing those actions to proceed on their own might well eliminate the multidistrict

---

[3/] Movants stress the importance of the common fact questions concerning the engineering and cost of the component parts supplied to Chromcraft and Alsco, the existence and operation of the Swiss bank accounts, the organization and control of the involved corporations, and Government contracting practices and procedures.

character of this litigation.

It is far from certain that the Government will be able to avoid formal discovery procedures. The criminal indictment and the present allegations of the civil complaints focus mainly on the Bregman-Scientific phase of the fraud, about which it is agreed the Government possesses substantial evidence. But all of these actions, including the Government's, also involve the later Republic phase of the fraud; and the Government's preparedness on this phase is disputed. The Government conceded at oral argument that it was considering amending its complaints and joining additional defendants to cover this phase more fully and this would apparently require at least some exploration of the relevant facts by deposition or otherwise. The movants assert that few of the documents thus far assembled by the Government relate to the Republic transactions and it is probable that even if the Government is satisfied with its files, the defendants may wish to use discovery procedures to prepare for trial.

Even if minimal discovery is required in the Government actions[4]/, there is no reason why coordinated or consolidated pretrial proceedings should delay the Government in pressing

---

4/ The Government at argument estimated that, at the least, it would depose two or three witnesses for discovery purposes and six to eight in order to preserve their testimony for trial.

for summary judgment or trial of its actions. We have previously stressed the competence of the transferee judge to pass on summary judgment motions, *In re Butterfield Patent Litigation*, ___ F. Supp. ___ (J.P.M.L. Feb 2, 1970) and Section 1407(a) authorizes the remand of an action by the Panel "at or *before* the conclusion of ... pretrial proceedings." (Emphasis added). All parties are agreed on the primacy of the Government's claim and we are certain that the handling of that claim can be expedited while going forward with discovery efforts in the other actions. *See In re Frost Patent Litigation*, 316 F. Supp. 977 (J.P.M.L. 1970); *In re Antibiotic Drug Cases*, 299 F. Supp. 1403 (J.P.M.L. 1969); *In re Antibiotic Drug Cases*, 295 F. Supp. 1402, 1404 (J.P.M.L. 1968).

A number of individual defendants in the Alsco and Harvard actions maintain that their liability rests on individual facts not common to the other actions and that participation in Section 1407 pretrial proceedings would be a severe hardship on them. As we have often stated, the increase in expenses for the parties to these proceedings will be "more than offset by savings from and convenience of, coordinated or consolidated pretrial proceedings directed by the transferee judge." *In re Plumbing Fixtures Litigation*, 302 F. Supp. 795, 796 (J.P.M.L. 1969).

The only remaining question is the selection of an appropriate transferee court. Stone and Rosenbaum suggest either the District of Columbia or the Eastern District of Missouri while those opposing transfer suggest the District of Columbia, if there must be a transfer, because of the documents collected there by the Government. Here, as in antitrust actions, the Government files are likely to be the subject of much discovery and pretrial proceedings should therefore be conducted in the District of Columbia.

As is often the case when multidistrict litigation is transferred to a district with a heavy caseload, the Panel has been required to arrange for the assignment of an outside judge to handle these actions. *See In re San Juan Puerto Rico Air Crash Disaster Litigation*, 316 F. Supp. 981 (J.P.M.L. 1970) *In re Silver Bridge Disaster Litigation*, 311 F. Supp. 1345 (J.P.M.L. 1970) *In re Seeburg-Commonwealth United Litigation*, 312 F. Supp. 909 (J.P.M.L. 1970). Judge Charles R. Weiner of the Eastern District of Pennsylvania has indicated his willingness to take these cases and, with the cooperation and approval of all involved, has been assigned to the District of Columbia.

IT IS, THEREFORE, ORDERED that those actions listed on Schedule A pending in Districts other than the District of Columbia be and the same hereby are transferred to the United States District Court for the District of Columbia

-7-

pursuant to 28 U.S.C. §1407. With the written consent of that court, all actions on Schedule A are hereby assigned to the Honorable Charles R. Weiner for coordinated or consolidated pretrial proceedings.

DOCKET NO. 54                                    SCHEDULE.A

## DISTRICT OF COLUMBIA

United States v. Andrew L. Stone, et al.          Civil Action
                                                  No. 230-69

## EASTERN DISTRICT OF MISSOURI

United States v. Andrew L. Stone, et al.          Civil Action
                                                  No. 69 C 24(2)

Alsco, Inc. v. Andrew L. Stone, et al.            Civil Action
                                                  No. 69 C 173(3).

Harvard Industries, Inc. v. Andrew L. Stone,      Civil Action
et al.                                            No. 70 C 66(3)

## SOUTHERN DISTRICT OF NEW YORK

Harvard Industries, Inc. v. Republic              Civil Action
Electronic Industries, Inc.                       No. 70 Civ 1113

## NORTHERN DISTRICT OF OHIO

Albert G. Katz, etc. v. Andrew Stone, et al.      Civil Action
                                                  No. C68-685

DOCKET NO. 54

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ALSCO-HARVARD FRAUD LITIGATION

Andrew L. Stone v. William D. Hurley, et al., C.D. Calif., Civil Action No. 76-0373 (DDW)

## MOTION WITHDRAWAL ORDER

On April 30, 1976, two of the defendants in the above-captioned action moved the Panel for an order transferring this action to the District of the District of Columbia for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. §1407, with the actions previously transferred to and pending in that forum. In re Alsco-Harvard Fraud Litigation, 325 F. Supp. 315 (J.P.M.L. 1971); 328 F. Supp. 1405 (J.P.M.L. 1971). Opposed to transfer were plaintiff Stone, and defendants Marine Midland Bank and James Kay.

Recently, plaintiff Stone and five of the eleven defendants involved in this action have stipulated to a dismissal of this action with prejudice. For this reason, movants, who are parties to this stipulation, have withdrawn their transfer motion.

IT IS THEREFORE ORDERED that the motion to transfer the above-captioned action to the District of the District of Columbia under 28 U.S.C. §1407 be, and the same hereby is, deemed withdrawn.

FOR THE PANEL:

John Minor Wisdom
Chairman